IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2013

# JUAN A. HILL v. DAVID SEXTON, WARDEN

**Appeal from the Criminal Court of Johnson County**
**No. 5961    Robert E. Cupp, Judge**

**No. E2012-02077-CCA-R3-HC - Filed January 30, 2013**

Juan A. Hill ("the Petitioner") filed for habeas corpus relief, claiming that his judgment of conviction is void because it (1) is based on a defective indictment and (2) fails to reflect pretrial jail credits. The habeas corpus court denied relief, and this appeal followed. Upon our thorough review of the record, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Juan A. Hill, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Lacy Wilber, Assistant Attorney General; and Cameron L. Hyder, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

In March 1996, the Petitioner was indicted for one count of rape of a child. The indictment provided as follows: The Petitioner "on or about the 16th day of May, 1994, in Washington County, Tennessee, did have unlawful sexual penetration of [the victim], a child less than thirteen (13) years of age, in violation of Section 39-13-522, Tennessee Code Annotated, and against the peace and dignity of the State of Tennessee." A jury subsequently convicted the Petitioner of this offense, and the trial court sentenced the Petitioner to thirty-five years in the Tennessee Department of Correction. This Court affirmed the Petitioner's

conviction and sentence on direct appeal. <u>State v. Juan Alfonzo Hill</u>, No. 03C01-9710-CR-00441, 1999 WL 222370, at \*5-6 (Tenn. Crim. App. Apr. 8, 1999). The Petitioner subsequently filed for post-conviction relief, which the post-conviction court denied. This Court affirmed denial of relief. <u>Juan Alfonzo Hill v. State</u>, No. E2004-02915-CCA-R3-PC, 2005 WL 2276422, at \*1 (Tenn. Crim. App. Sept. 19, 2005).

On October 12, 2011, the Petitioner filed a Petition for Writ of Habeas Corpus, alleging that his judgment of conviction is void because it was based on a defective indictment. The State responded, and, on November 21, 2011, the trial court filed an unsigned order summarily dismissing the Petitioner's claim for relief, in part on the basis that the Petitioner had failed to attach to his petition a copy of his first petition for habeas corpus relief. On November 30, 2011, the Petitioner filed an Amended Petition for Writ of Habeas Corpus stating that the petition he filed on October 12, 2011, was his first petition for habeas corpus relief and that his original petition's reference to a previous petition was in error. The Amended Petition also added as a claim for relief that his judgment of conviction is void "because it does not reflect any pretrial jail credits." On the same date, the Petitioner filed a "Motion to Amended [sic] Petition for Writ of Habeas Corpus and a Motion to Re-Open Petition for Writ of Habeas Corpus and/or Rule 60 Motion." On September 14, 2012, the trial court filed a signed order denying relief as follows:

> The court after reviewing the Motion, and in particular[] the Amendments is of the opinion that the same would have no bearing upon the court's ruling as entered in this case on November 21, 2011.
>
> Therefore, after considering the defendant's Motion and the amendments attached thereto, the court is of the opinion that the Order of Dismissal previously entered in this matter was the correct ruling and remains the Judgment of the Court.

The Petitioner now appeals.

## Standard of Review

"Whether to grant relief upon review of the denial of a petition for a writ of habeas corpus is a question of law." <u>Cantrell v. Easterling</u>, 346 S.W.3d 445, 448 (Tenn. 2011) (citing <u>Hart v. State</u>, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, this Court's standard of review is de novo, with no presumption of correctness. <u>Id.</u> (citing <u>Hogan v. Mills</u>, 168 S.W.3d 753, 755 (Tenn. 2005)).

## Analysis

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. In Tennessee, however, habeas corpus has been governed by statute for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn.1968); Tenn. Code Ann. § 29-21-101 (Supp. 2011). The "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) and Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). On the other hand, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The Petitioner is correct that a fatally defective indictment deprives the trial court of jurisdiction and, therefore, renders any resulting judgment void. See Joseph Darryl Gaines v. State, No. M2009-00735-CCA-R3-HC, 2009 WL 5125105, at *3 (Tenn. Crim. App. Dec. 15, 2009). However, the Petitioner is not correct that the indictment upon which he was convicted was fatally defective.

The Petitioner complains that the indictment failed to (1) allege a culpable mental state and (2) failed to set forth the act of sexual penetration on which the charge was based. The Petitioner acknowledges that our supreme court has held that an indictment alleging rape of a child does not need to set forth a specific culpable mental state. See State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997).[1] The Petitioner claims that, because Hill was decided after he committed his offense, its application to his indictment violates the constitutional prohibitions against ex post facto laws. See U.S. Const. art. 1, § 9, cl. 3 and § 10, cl. 1; Tenn. Const. art. I, § 11.

---

[1] At the time at issue in Hill, rape of a child was included in the aggravated rape statute. See Tenn. Code Ann. § 39-13-502(a)(4) (1991).

The Petitioner is mistaken. As our supreme court has recognized, "the Ex Post Facto Clause does not by its own terms apply to judicial decisions." State v. Reid, 91 S.W.3d 247, 280 (Tenn. 2002). Moreover,

> [t]o the extent that due process protects interests similar to those protected by the Ex Post Facto Clauses of the state and federal constitutions, retroactive application of an alteration of a common law doctrine of criminal law violates due process only where the alteration is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue."

Id. (quoting Rogers v. Tennessee, 532 U.S. 451, 461 (2001)). As our supreme court's decision in Hill makes clear, it made no such alteration.

We also note that the Hill decision applied to conduct committed in 1991 and that, in Hill, as in the Petitioner's case, the defendant was charged with raping a victim under thirteen years old. See Hill, 954 S.W.2d at 727, 729. The relevant language of the Hill indictment alleged that the defendant "did unlawfully sexually penetrate [the victim] a person less than thirteen (13) years of age." Id. at 727. The supreme court held that the indictment "meets constitutional and statutory requirements of notice and form and is, therefore, valid." Id. at 729. Thus, the supreme court rejected the defendant's argument that the indictment was fatally defective for failing to allege a culpable mental state. The same result applies to the Petitioner's indictment. The Petitioner is not entitled to habeas corpus relief on this basis.

The Petitioner also is not entitled to habeas corpus relief on the basis that the indictment did not specify the act of sexual penetration which he was accused of committing. This Court previously has rejected such a claim. See Joseph Darryl Gaines, 2009 WL 5125105, at *3 (citing Wyatt, 24 S.W.3d at 324). Therefore, the Petitioner is not entitled to habeas corpus relief on this basis.

Finally, the Petitioner avers that he is entitled to habeas corpus relief because the judgment order does not reflect any pretrial jail credits and, therefore, is void on its face. As recognized by the State in its brief, this is a cognizable claim for habeas corpus relief. See Tucker v. Morrow, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009) (holding that the trial court's failure to award pretrial jail credits resulted "in an illegal sentence, an historically cognizable claim for habeas corpus relief"). However, in order to demonstrate that he is entitled to habeas corpus relief on this basis, the Petitioner "must exhibit to his petition sufficient documentation from the record to establish that he is indeed entitled to pretrial jail credit under [Tennessee] Code [Annotated] section 40-23-101 . . . and that the trial court erroneously failed to award it." Id. at 124. Although the Petitioner attached a copy of his judgment order to his petition, he did not attach documentation establishing his entitlement

to pretrial jail credit. Accordingly, the Petitioner has failed to establish that he is entitled to habeas corpus relief on this basis.[2]

## **Conclusion**

For the foregoing reasons, we affirm the habeas corpus court's denial of habeas corpus relief.

_____

JEFFREY S. BIVINS, JUDGE

---

[2] The Petitioner attempted to supplement the record to include such documentation by motion filed with this Court. This Court denied the motion on the basis that the document was not considered by the court below.